**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **BLUE CROSS BLUE SHIELD** : | |
| **HEALTH CARE PLAN OF** : | |
| **GEORGIA, INC.,** : | |
| : | |
| **Plaintiff** : | |
| : | 5:05-CV-122 (WDO) |
| **v.** : | |
| : | |
| **JEFFREY NOLES,** : | |
| : | |
| **Defendant** : | |

**ORDER**

Blue Cross Blue Shield ("BCBS") is under contract with the Office of Personal Management ("OPM") to provide a health benefits plan authorized by the Federal Employees Health Benefits Act, 5 U.S.C. §8901, et seq. At all times relevant to this action, Defendant Jeffrey Noles was an employee of the federal government and was covered under a federal employee benefit plan by BCBS. On June 15, 2003, Defendant Noles was injured in a motor vehicle accident. As a result of injuries he sustained in the accident, BCBS paid benefits in the amount of $18,848.09 on behalf of Defendant Noles. The BCBS plan under which the payments were made requires Defendant Noles to reimburse BCBS should he receive a payment from any other source. Specifically,

**When Others Are Responsible For Your Injuries**

If another person or entity, through an act or omission, causes you to suffer an injury or illness, and if we pay benefits for that injury or illness, you must agree to the following:

- *All recoveries you obtain (whether by lawsuit, settlement, or otherwise), no matter how described or designated, must be used to reimburse us in full for benefits we paid*. Our share of any recovery

1

>   extends only to the amount of benefits we have paid or will pay to
>   you or, if applicable, to your heirs, administrators, successors, or
>   assignees.
>
> - ***We will not reduce our share of any recovery unless we agree in writing to a reduction, (1) because you do not receive the full amount of damages that you claimed or (2) because you had to pay attorneys' fees.  This is our right of recovery.***
>
> - If you do not seek damages for your illness or injury, you must permit us to initiate recovery on your behalf (including the right to bring suit in your name).  This is called subrogation.
>
> - If we pursue a recovery of the benefits we have paid, you must cooperate in doing what is reasonably necessary to assist us. You must not take any action that may prejudice our rights to recover.
>
> You must tell us promptly if you have a claim against another party for a condition that we have paid or may pay benefits for, and you must tell us about any recoveries you obtain, whether in or out of court.  We may seek a lien on the proceeds of your claim in order to reimburse ourselves to the full amount of benefits we have paid or will pay.
>
> We may request that you assign to us (1) your right to bring an action or (2) your right to the proceeds of a claim for your illness or injury.  We may delay processing of your claims until you provide the assignment.
>
> *Note*: We will pay the costs of any covered services you receive that are in excess of any recoveries made.[1]

Defendant Noles brought claims against a third-party's liability insurance and underinsured motorist coverage arising out of the June 15, 2003 accident.  Defendant settled these claims for a total of $125,000.  Upon learning of the settlement of the Defendant's personal injury action, the Plaintiff made several requests that the Defendant honor his obligation to reimburse the Plaintiff under the terms of the policy.  To date, the Defendant has made no attempt to reimburse the Plaintiff. Instead, the Defendant, through counsel, has argued that he is not obligated to reimburse the plan

---

[1] Ex. A-1, p. 108; Ex. A-2, p. 109; Ex. A-3, p. 109 (emphasis added).

because he has not been "completely" compensated. Plaintiff BCBS therefore brought this action against Defendant seeking reimbursement pursuant to the BCBS insurance contract. The matter is now before the Court on Plaintiff's motion for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and . . . affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. The burden on the movant may then be discharged "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. "Summary judgment . . . is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327 (citing Fed. R. Civ. P. 1; 99 F.R.D. 465, 467 (1984)).

"Because Congress's clear intent was to make benefits uniform for FEHBA plan enrollees of different states, state law regarding subrogation is preempted by the reimbursement provision in the Service Benefit Plan." BCBS v. Cruz, 396 F.3d 793, 799 (7th Cir. 2005). "Congress's clear intent to have uniform subrogation rules per the terms of the FEHBA-created contract require 'a

3

judicially-crafted cause of action.'" Id. at 800.

> With FEHBA, Congress intended to create cost-efficient and uniform health insurance benefits for employees of the United States and their dependents throughout the country. The Act's express preemption provision dictates that the terms of contracts created under FEHBA preempt state law when such terms are related to benefits and coverage. Congress intended for terms related to subrogation to be included in this realm. Thus, the FEHBA-created contract provision in the Statement of Benefits preempts state law with respect to reimbursement for benefits paid to Cruz. The district court has federal question subject matter jurisdiction over this case under 28 U.S.C. § 1331.

Id. at 801.

Contract interpretation is generally a question of law to be determined by the court. Carneiro v. Standard Fire Ins. Co., 129 F.3d 581, 584 (11th Cir. 1997) (applying federal common law applicable to flood insurance contracts). "Under ordinary rules of contract construction, 'a court must first examine the natural and plain meaning of a policy's language,' and an 'ambiguity does not exist simply because a contract requires interpretation or fails to define a term.'" Id. at 585 (citations omitted).

Pursuant to the contract between BCBS and Defendant Noles, BCBS is entitled to a reimbursement from Defendant based on benefits paid for Defendant's injuries. Defendant contends he did not "receive" $125,000 from the settlement after other medical liens, subrogation claims and litigation expenses were paid. However, his policy *clearly* provides that BCBS would not reduce its recovery based on Defendant not receiving as much in settlement as he hoped or because he had to pay attorney's fees. Defendant also contends there is a "material issue of fact in dispute" regarding the amount of benefits paid by BCBS. An initial benefits statement informed Defendant that approximately $15,000 in benefits had been paid. In bold lettering at the top of the statement was a warning that the statement was "Subject to change." The final benefits statement, issued two

years later, shows that BCBS paid the exact amount of benefits it seeks in this case - $18,848.09. There is no "material issue of fact" in dispute regarding this matter. The undisputed facts establish that Defendant Noles received benefits under a federal employee health plan. The unambiguous plan language requires Defendant Noles to reimburse the plan for benefits extended on his behalf since he recovered a monetary settlement from another source. Defendant Noles recovered $125,000 from other sources, but has refused to reimburse the plan. Plaintiff BCBS's motion for summary judgment is GRANTED.

**SO ORDERED this 31st day of May, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**